UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 23-cv-623

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company; UBER TECHNOLOGIES, INC., a foreign corporation; YANGEL ORTEGA, individually; and K.B., as Parent and Natural Guardian of M.K., a minor,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT[1]

Progressive Express Insurance Company ("Progressive"), by and through its attorneys, Morgan & Akins, PLLC, states by way of Complaint for Declaratory Judgment against Defendants, Rasier-DC, LLC, UBER Technologies, Inc., Yangel Ortega, and K.B., as Parent and Natural Guardian of M.K., a Minor, as follows:

**Parties**

1.    Plaintiff, Progressive Express Insurance Company ("Progressive"), is a corporation organized under the laws of Ohio and with its principal place of business located in Mayfield Village, Cuyahoga County, Ohio.

---

[1] Progressive is cognizant of the general requirement that parties identify them in their respective pleadings. *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F. 3d 678, 684 (11th Cir. 2001); *see also* Fed. R. Civ. P. 10(a). Given the nature of the allegations implicated in this action, the underlying state court action that forms the basis for this action, and the minority of the individual involved, Progressive will be filing a Motion to Proceed Under Pseudonym.

CASE NO.: 23-cv-623

2. Defendant, Rasier-DC, LLC ("Rasier"), is a foreign limited liability company organized under the laws of Delaware and with its principal place of business located in San Francisco, San Francisco County, California. Rasier is a wholly owned subsidiary of UBER Technologies, Inc.

3. For jurisdictional purposes, Rasier has one member; UBER is Rasier's sole member. UBER Technologies, Inc., is a foreign corporation organized under the laws of Delaware and with its principal place of business located in San Francisco, San Francisco County, California. As such, Rasier is considered to be a citizen of Delaware and California.

4. Defendant, UBER Technologies, Inc. ("UBER"), is a foreign corporation organized under the laws of Delaware and with its principal place of business located in San Francisco, San Francisco County, California.

5. Defendant, Yangel Ortega ("Ortega"), was and, at all times relevant to this action is, a resident and citizen of Naples, Collier County, Florida.

6. Defendant, K.B., was and, at all times relevant to this action was, a resident and citizen of Naples, Collier County, Florida. K.B. was and is the Mother and Natural Guardian of the minor, M.K..

7. The Minor, M.K., was and, at all times relevant to this action was, a resident and citizen of Naples, Collier County, Florida.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over this instant action pursuant to 28 U.S.C. § 1332(a)(1), because diversity of citizenship exists between Progressive, on the one hand, and Defendants, on the other, and the amount in controversy, as determined by the monetary value of the claims presented exceeds $75,000.00.

9. Venue is proper in this district as this is the judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. 1391(b)(1).

**The Florida's TNC Statute and the Period 1 and Period 2 Policies, Generally**

10. On July 1, 2017, Florida's Transportation Network Company Statute ("TNC Statute"), Fla. Stat. § 627.748 went into effect.

11. The TNC Statute obligated 'Transportation Network Companies,' to obtain and maintain certain insurance coverages for and on behalf of the TNC driver, addressing situations both where the TNC driver was simply logged into the TNC network, or whether the TNC driver was engaged in a prearranged ride.

12. In situations in which a TNC driver was engaged in a prearranged ride, the TNC statute provides, in pertinent part, as follows:

> (7) Transportation network company and tnc driver insurance requirements…
>
> (c) The following automobile insurance requirements apply while a participating TNC driver is engaged in a prearranged ride:
>
> 1. Automobile insurance that provides:
>
> a. A primary automobile liability coverage of at least $1 million for death, bodily injury, and property damage;…

Fla. Stat. §627.748(7)(c)(1)(a.).

13. Upon information and belief, Defendant Rasier and/or its affiliated entities including, but not limited to UBER, provides services that would satisfy the statutory definition of a 'transportation network company,' under the TNC statute.

14. In March of 2022, Progressive issued an insurance policy to Rasier, the requirements of the TNC Statute; specifically, the "Period 2-3 Policy."

**The Period 2-3 Policy – Specifically**

15. On March 1, 2022, Progressive issued a "Transportation Network Company Commercial Auto Policy," Policy Number 06250110-8 (the "Period 2-3 Policy"), to Defendant, Rasier as a named insured. A true, accurate, and complete copy of the Period 2-3 Policy is attached hereto as Exhibit A.

16. Defendant, UBER was a named insured under the Period 2-3 Policy.

17. The Period 2-3 Policy's relevant liability insuring language is contained at Form Z901 FL (07/21), that provides, in pertinent part, as follows:

> **PART I—LIABILITY TO OTHERS**
>
> **INSURING AGREEMENT—LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** and **property damage** for which an **insured** becomes legally responsible because of an **accident** that occurs within the state of Florida arising out of the ownership, maintenance or use of an **insured auto** during a **prearranged service**.

(Ex. A).

18. The Period 2-3 Policy defines the term "insured auto," in pertinent part, as follows:

> a. Any auto while being used by a **TNC driver**, but only while engaged in providing a **prearranged service** utilizing the **ride-share application** accessed using that **TNC driver's valid credentials**; or …

(Ex. A).

19. The Period 2-3 Policy defines the term, "prearranged service," in pertinent part, as follows:

> a. the operation of any **insured auto** while the driver is logged on to the **ride-share application** and has recorded acceptance in the **ride-share application** of a request to provide

4

> **covered TNC operations** and is engaged in one of the following activities:
>
> (i) traveling to the accepted pick-up location of the passenger(s) or **goods** to be delivered, including the picking up of any passenger(s) or **goods**, and the pick-up location is in the state of Florida; or
>
> (ii) traveling to the final destination location of the passenger(s) or **goods**, including the dropping off of any passenger(s) or **goods**, and the pick-up location was in the state of Florida;.

(Ex. A).

20. The Period 2-3 Policy also contained an additional definition for the term "insured," for purposes of liability coverage, expanding it, as follows:

> **ADDITIONAL DEFINITION USED IN THIS PART ONLY**
> When used in Part I—Liability To Others, **insured** means:
> 1. **You** with respect to an **insured auto**.
> 2. A **TNC driver** operating an insured auto.
> 3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person or entity otherwise covered under this Part I—Liability To Others.

(Ex. A).

21. The limits of Liability Coverage under the Period 2-3 Policy are $1,000,000 combined single limit. (Ex. B, Ins. Dec. Page).

**The December 14, 2022 Incident**

22. On December 14, 2022, Defendant, Ortega, logged into the "Uber" ride share application.

23. On December 14, 2022, the minor, M.K., made a request for a ride utilizing the "Uber" ride share application.

24. In the request, M.K. sought to be transported to a residence located at 8025 Ibis Club Drive, Apt. 807, Naples, FL 34104.

CASE NO.: 23-cv-623

25. Thereafter, Defendant, Ortega, accepted the Minor, M.K.'s request for ride through the "Uber" ride share application.

26. At some point on December 14, 2022, Defendant, Ortega, picked up the Minor, M.K..

27. After picking up the Minor, M.K., Defendant, Ortega, proceeded to drive Jane to the residence located at 8025 Ibis Club Drive, Apt. 807, Naples, FL 34104.

27. Upon reaching the destination, the Minor, M.K., exited the vehicle being driven by Ortega, walked to and entered the residence located at 8025 Ibis Club Drive, Apt. 807 Naples, FL 34104.

28. After exiting the vehicle and entering the residence, M.K. was allegedly sexually assaulted by a third-party, Steven Moreno-Cerritos.

29. Upon information and belief, the alleged sexual assault occurred outside the vehicle, and inside the residence occupied, owned, or leased by Steven Moreno-Cerritos.

**Subsequent Communications Implicating Coverage**

30. Prior to March 3, 2023, Progressive received communications from attorneys representing K.B. and M.K.. In that correspondence, counsel requested that Progressive provide information concerning the existence and amounts of available insurance coverage for the December 14, 2022 incident.

31. On March 3, 2023, Progressive wrote to counsel for K.B. and M.K., and advised counsel that its coverage investigation had been completed, and that there was no coverage available for the claimed incident. (Ex. C, Mar. 3, 2023 Ltr.).

32. Despite this notification, Plaintiff's have continued to pursue claims against persons or entities K.B. and M.K. contend may be covered under the Period 2-3 Policy. In

CASE NO.: 23-cv-623

particular, on March 30, 2023, K.B. and M.K.'s counsel submitted correspondence to Progressive that counsel suggested was "pertaining to your insured that was filed in the Circuit Court of Collier County…" (Ex. D, Mar. 30, 2023 Ltr.).

**Subsequent Lawsuit filed by the K.B. on behalf of M.K.**

33.On March 20, 2023, Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, filed a lawsuit in the Twentieth Judicial Circuit in and for Collier County, Florida, Case No.: 11-2023-CA-000823-0001 (the "Lawsuit"), in connection with the December 14, 2022, incident. A true, accurate, and complete copy of the pending and operative "Amended Complaint," is attached hereto as Exhibit E.[2]

34.In the Amended Complaint, Defendant, M.K., as Parent and Natural Guardian of M.K., a Minor, has asserted claims against the Defendants, Ortega, Uber and Rasier.

35.In the Amended Complaint, Defendant, K.B., Parent and Natural Guardian of M.K., has alleged that the Minor, M.K., ordered a ride using the Uber and Rasier ridesharing app. (Ex. E, ¶¶ 57-59).

36.In the Amended Complaint, Defendant, K.B., as Parent and Natural Guardian of M.K., has alleged that defendant, Ortega, "while engaged in a mission for UBER and RASIER using the UBER and RASIER application arrived to [M.K]'S mother's residence to pick [M.K.] up and transport her to a location approximately 18 minutes away." (Ex. E, ¶ 37).

37.In the Amended Complaint, Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, alleged that "Ortega negligently transported and delivered [M.K.], a minor, unaccompanied to the residence of STEVE MORENO-CERRITOS." (Ex. E, ¶ 44).

---

[2] The Amended Complaint was deemed filed by a State Court Order dated August 3, 2023. A copy of that order is attached as Exhibit F.

38. In the Amended Complaint, Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, has alleged:

> As a direct and proximate result of [Ortega] negligently transporting [M.K.], a minor, to Co-Defendant, STEVE MORENO-CERRITO's residence unaccompanied by a legal guardian, Co-Defendant, STEVE MORENO-CERRITOS, sexually battered and raped [M.K.], a minor, in that he unlawfully penetrated [M.K.], a minor's, genitals with his sex organ and had sexual intercourse with a 12-year old who was incapable of consent.

(Ex. E, ¶ 45).

### COUNT I – CLAIM FOR DECLARATORY JUDGMENT
(Incident not Arising from Ownership, Maintenance or Use)

39. Progressive adopts and incorporates by reference paragraphs 1 through 38, above, which identify the parties, set forth the basis for this Court's exercise of jurisdiction and venue, describe the Period 2-3 Policy, the December 14, 2022 incident, and the subsequent lawsuit as though fully set forth herein.

40. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto, and to give such relief as it deems necessary under the facts and circumstances.

41. As reflected in the Period 2-3 Policy, the Period 2-3 Policy affords liability coverage for an 'accident,' "arising out of the ownership, maintenance or use of an insured auto during a prearranged service." (Ex. A).

42. In order for there to be coverage under the Period 2-3 Policy, the underlying 'accident,' must arise out of the "ownership, maintenance or use" of an insured auto. (Ex. A).

43. Progressive contends that the events described at paragraphs 29 through 38, having occurred outside of the vehicle, inside a private residence, involving a sex act or acts occurring between two persons inside that residence, do not "arise out of the ownership, maintenance or

8

use," of and insured auto such that the Period 2-3 Policy would provide coverage for any claims by Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, including those set forth in the Amended Complaint.

44. Progressive contends that the events described in the Amended Complaint, including paragraphs 32 through 38 which form the basis for and are incorporated into Counts II and III of the Amended Complaint, do not "arise out of the ownership, maintenance, or use," of an insured auto such that the Period 2-3 Policy would provide coverage for any claims asserted in the Complaint by Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, deceased, including those set forth in the Amended Complaint.

45. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, Rasier, UBER, or Ortega, for any damages that have or may be claimed by Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, specifically including any claims asserted in the Amended Complaint.

46. There exists an actual, present, and practical need for the declaration of coverage under the Period 2-3 Policy, and the rights and obligations of Progressive.

47. There exists a present, ascertained or ascertainable state of facts or present controversy as to the state of facts concerning Progressive's rights, duties, and obligations under the Period 2-3 Policy.

48. Progressive's rights, duties, and obligations under the Period 2-3 Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Period 2-3 Policy.

49. Progressive and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

50. All proper and present antagonistic interests are before the Court by proper process.

51. Progressive is in doubt with respect to its rights, duties and obligations under the Period 2-3 Policy and, by this Complaint, seeks a declaration of its rights and obligations under that policy.

WHEREFORE, Plaintiff, Progressive Express Insurance Company respectfully requests that this Court enter a declaratory judgment concerning the Period 2-3 Policy and determine the existence, or non-existence, of an immunity, power, privilege, or right, or any other fact upon which the existence or non existence, of such immunity, power, privilege or right may depend including the following:

    a. Declare that the events giving rise to the alleged sexual assault of M.K., do not arise from the "ownership, maintenance or use" of an insured auto as required under the Period 2-3 Policy;

    b. That the Period 2-3 Policy does not provide bodily injury coverage to Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega, for the bodily injury other claims associated with events of December 14, 2022, involving M.K., or that was, are, or could be presented by Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, in connection with the December 14, 2022 incident;

    c. That Progressive has no duty to indemnify Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega for any damages being claimed by K.B., as Parent and Natural Guardian of M.K., a Minor;

    d. That Progressive has no duty to defend Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega, in connection with the claims asserted in the action styled *Joan Doe, as Parent and Natural Guardian of Jane Doe, a minor, v. Steve*

*Moreno-Cerritos, et. al.*, Case No. 11-2023-CA-000823-0001, filed and pending in the Twentieth Judicial Circuit in and for Collier County, Florida, as there exists no coverage under the Period 2-3 Policy for such claims; and

e. For such other and further relief as this Court deems just and proper.

**COUNT II – CLAIM FOR DECLARATORY JUDGMENT**
(Incident Did not Occur During Coverage Period)

52. Progressive adopts and incorporates by reference paragraphs 1 through 38, above, which identify the parties, set forth the basis for this Court's exercise of jurisdiction and venue, describe the Period 2-3 Policy, the December 14, 2022 incident, and the subsequent lawsuit as though fully set forth herein.

53. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto, and to give such relief as it deems necessary under the facts and circumstances.

54. The Period 2-3 Policies affords coverage for a specific time period.

55. The Period 2-3 Policy affords coverage in situations in which the individual is involved in a 'prearranged ride.' (Ex. A).

56. Pursuant to the terms of the Period 2-3 Policy, the prearranged ride terminates once the travel to the final destination and drop off of the passenger has been completed. (Ex. A).

57. The Period 2-3 Policy's definition of prearranged service is consistent with TNC Statute's definition of "prearranged ride," which provides that a pre-arranged ride ends with "the last rider exists from and is no longer occupying the TNC vehicle." Fla. Stat. §627.748(1)(b).

58. Progressive contends that the events described at paragraphs 29 through 38, having occurred outside of the vehicle, inside a private residence, involving a sex act or acts occurring between two persons inside that residence, occurred after the conclusion of a 'prearranged ride' as

required for coverage under the Period 2-3 Policy and, therefore, there is no insurance coverage available for the claimed loss.

59. There exists an actual, present, and practical need for the declaration of coverage under the Period 2-3 Policy, and the rights and obligations of Progressive.

60. There exists a present, ascertained or ascertainable state of facts or present controversy as to the state of facts concerning Progressive's rights, duties, and obligations under the Period 2-3 Policy.

61. Progressive's rights, duties, and obligations under the Period 2-3 Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Period 2-3 Policy.

62. Progressive and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

63. All proper and present antagonistic interests are before the Court by proper process.

64. Progressive is in doubt with respect to its rights, duties and obligations under the Period 2-3 Policy and, by this Complaint, seeks a declaration of its rights and obligations under those policies.

WHEREFORE, Plaintiff, Progressive Express Insurance Company respectfully requests that this Court enter a declaratory judgment concerning the Period 2-3 Policy and determine the existence, or non-existence, of an immunity, power, privilege, or right, or any other fact upon which the existence or non existence, of such immunity, power, privilege or right may depend including the following:

CASE NO.: 23-cv-623

    a.    Declare that the events giving rise to the alleged sexual assault of M.K., did not occur during a "prearranged ride" of an insured auto as required under the Period 2-3 Policy;

    b.    That the Period 2-3 Policy does not provide bodily coverage to Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega, for the bodily injury other claims associated with events of December 14, 2022, involving M.K., or that was, are, or could be presented by Defendant, K.B., as Parent and Natural Guardian of M.K., a Minor, in connection with the December 14, 2022 incident;

    c.    That Progressive has no duty to indemnify Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega for any damages being claimed by K.B., as Parent and Natural Guardian of M.K., a Minor;

    d.    That Progressive has no duty to defend Defendants, Rasier-DC, LLC, UBER Technologies, Inc., or Yangel Ortega, in connection with the claims asserted in the action styled *Joan Doe, as Parent and Natural Guardian of Jane Doe, a minor, v. Steve Moreno-Cerritos, et. al.*, Case No. 11-2023-CA-000823-0001, filed and pending in the Twentieth Judicial Circuit in and for Collier County, Florida, as there exists no coverage under either the Period 2-3 Policy for such claims; and

    e.    For such other and further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO.: 23-cv-623

Dated: August 15, 2023                    Respectfully submitted,


                                          */s/ Patrick K. Dahl*
                                          Patrick K. Dahl, Esquire (084109)
                                          pdahl@morganakins.com
                                          Florida Bar No. 084109
                                          MORGAN & AKINS, PLLC
                                          Attorneys for Progressive Express Insurance Company
                                          501 E. Las Olas Boulevard
                                          Suite 300
                                          Ft. Lauderdale, FL 33301
                                          Phone: (754) 255-3010
                                          Fax: (215) 600-1303